April 22, 2018

Exhibit 3

Warden Polk,

The purpose of this letter, to resolve the ongoing dilemma, delivering legal research materials to the Trinity Camp. I do not want to be housed in the building and Mr. Minton prefers and supported my move.

I am prepared and willing to attend law library on Monday and Wednesday at 5:15 or 12:00 and seek Friday deliveries. If that is a welcome option I am aware it is not procedure, I am trying to alleviate and defuse the issues, demands and simplify and help the staff, sir.

Wednesday, 4/18, Mr. Minton sent ATC-0020, Huntsville's directive regarding indirect law library access. On Thursday, 4/19, I was summoned to the building and in a non-confrontational discussion expressed and pointed out, "... items shall be cited correctly and contained within the Unit's Holdings and Offenders shall be encouraged to request 2 or 3 alternative items ... in the event any of the original three requested items are not carried out ..." It was necessary to point this out and any deviations require approval.

In writing and orally there are numerous items that have been withheld per "this Unit's decision" and in the past month on nine (9) occasions nothing has been sent.

As I stated sir, my goal is to defuse this situation. I simply want three (3) legal research "originals" on Monday, Wednesday and Friday, per ATC-0020 (Rev 6) November 1, 2012, described procedure.

Respectfully submitted
Brett Bogus - 2023182
S Dorm 29

October 11, 2018

Warden Berger

I am continuing to attempt to resolve what has been a continuous scheme to pervert laws, policies and rules, by personnel on this unit and Huntsville. Whether I have communicated by I-60, Grievance, letter or conversation, Grievances disappear (I have some originals and carbon copies), I-60's are ignored or destroyed, ministerial and procedural etiquette is violated and justice or correction has no bearing on employees or staff who craft the very system that provides benefits, income and retirement.

On Tuesday, October 2nd, Lt. Kaime called me to the building, took my statement regarding my dad's phone call to the Ombudsman regarding harassment and retaliation by Ricky Minden, Law Library Assistant. Lt. Kaime asked me to tell Sgt. Rice to make copies of any information that would assist in an investigation into the allegations.

As of today, Sergeants Rice, Beatrice, Vaughan and Lt. Lost have denied, explained and/or refused to cooperate with Lt. Kaime's "individualized request." I dropped I-60s on October 6th to Lt. Kaime and Warden Mitchell opposing threat my attempts and need for assistance in getting copies to the lieutenant.

This situation continues to escalate and while I prefer not reaching out to counsel, I will pursue relief, as I have and simply want a lawful resolution.

I have maintained since May a desire to resolve everything, pursue my life and abstain from the unwarranted attacks and deprivations I continue to assert. I would appreciate an opportunity to speak with you or whomever you designate, whether at the building or camp at your earliest convenience.

Respectfully
Brett Bogus - 2023182
Powledge — D Dorm 21

January 10, 2019    21:00

Warden Mitchell,

I continue to attempt to resolve issues with little success, inspite of the bad faith and fabricated intimidation tendered by agents, employees and representatives of TDCJ. I am seeking resolution, not escalation.

Last Thursday, 1/3/19, Property Officer Bentley, arrested me out, admitted "talking about me" at the building turnout in front of Mr. Webb and another officer. In my opinion, his authority was juvenile, unprofessional, unprovoked and unwarranted. He, moreover, because I, as police is claiming, particularly since he's responsible for my stolen property.

On 12/13, I asked the law library to allow me an ATC cell, since I chose for the week of 12/24 - 12/28. The answer, excluding holidays and State law, would be nothing provided. I inquired as to which provided structure and State law the Motion referred to, or if yes, stated nothing. The library was renewed on 1/4, and ATC-D is decent interest, namely ATC-D did not refer to ... the session on the week of Thursday shows ... to your child's time, Texas Government Code § 662 only states what days constitute holidays, is NOT a State law and gives that Agency TDCJ to use discretion to deny benefits, advising up the ...

Finally, I have communicated my concern to you via US Certified Mail, to Mr. Bentley, this past week. This has been expensive and accordingly providing me with some intimidation. Three items that I appreciate ... United States website and of states, the first ... referred a fee, sending to Mr. Bentley, I disputed requesting a copy of the logs ... denied. Even if they are redacted, I'd like proof ... that my mail left the unit

⊕

in a timely fashion. As Mr. Minton stated, "if I wanted to fuck you over, I'd doctor the logs." In lieu of having been granted relief in my July 9, 2018, step 2 accepting the intentional violation of BP 03.91 by both Huntsville and Rutledge; I do not believe my request is improper.

I simply intend to follow the rules, and hope to be heard as such. I am dealing with evidence in my "freeworld case" of fabricated, false, perjured testimony by the complainant, detective, the district attorney who is addressed this lawsuit, and suppressed it. The evidence is now, in the record ..... I do not trust those who do not tell the truth, or take advantage of my situation.

My hope is to talk with you and settle on further resolution

Sincerely,
Brett Bogus
S Dorm 39

6/5/19  23:30

Warden Bowman

On Monday, 6/3, I wrote an I-60 to Ms Rainey regarding step 1 and step 2 status. A step 2, filed with my step 1, #2019119536 is not in her ~~Roods~~ records, a mysterious disappearance. I have my carbon copy, and the entry in my calendar. It, the step 2, addresses the entire gambit regarding all the evidence in your possession.

Tonight another I-60 asking for the due dates on my step 2's regarding step 1's 2019107440 and 2019111467.

Sir, this situation appears to be escalating, and 3 officers with rank agree - based on written proof (you possess) and the actions of those I have addressed that harassment and retaliation seem, clear and convincing.

Regardless of how you, TDCJ or O.I.G were to handle these men my depravation, rights and privledges have been prejudiced.

I would appreciate 15-20 minutes to sit with you, the information and be transferred. My goal has been to clear my name, the evidence is now in Federal and state court.

Please, in a van, no property left behind to be pilfered or lost.

Your considerations are appreciated

Brett Bryn

S. Dorm 29

**SUBJECT:** *State briefly the problem on which you desire assistance.*

Regarding Major Ginsel —

According to Capt Tanner's former assistant/clerk, "Sanders"- of 8-Medically unassigned offenders- I was the only one assigned "Kitchen" on 7/28 or 29/2018. On 7/30/18- I had a slip and fall. Capt Tanner, Sgt Urbina and Russell, Mr. Alstatt and Ms Singletary have all told the Chain, remove from the roster. The major has overridden that every time.

On 5/9/19, Dr Kendall assigned a Wet Floor Restriction #17. On 5/18, Mr Alall called Medical, confirmed #17. Today, 5/28, T.V. P.A. confirmed- ONLY security can prevent that restriction

In lieu of clear, convincing evidence, I'd like Bunk, S-15 and Transfer to Pack - please

Name: Brett Bogus    No: 2023182    Unit: Powledge

Living Quarters: S Dorm 29    Work Assignment: Kitchen I - T.C.

**DISPOSITION:** (Inmate will not write in this space)

TEXAS DEPARTMENT OF CRIMINAL JUSTICE — **INSTITUTIONAL DIVISION**

## INMATE REQUEST TO OFFICIAL

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ☐ *Unit Assignment, Transfer (Chairman of Classification, Administration Building)*

2. ☐ *Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)*

3. ☐ *Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)*

4. ☐ *Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)*

5. ☐ *Visiting List (Asst. Director of classification, Administration Building)*

6. ☐ *Parole requirements and related information (Unit Parole Counselor)*

7. ☐ *Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)*

8. ☐ *Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)*

TO: Warden Bowman
*(Name and title of official)*

DATE: 5/28/19   20:00

ADDRESS: Powledge

**SUBJECT:** *State briefly the problem on which you desire assistance.*

Respectfully

I would appreciate,

① Access and submissions, of requests - prior to 3/29/19

② Make up deficient deliveries - 6 per day

③ Contact to Classification - Transfer toward Pack Unit, Medical facility close to Huntsville as outside Trustee's - not Estelle - please.

④ Med Squad I or Trustee Camp Clerk - 30 min - 1 hour, as needed, in office

⑤ S. Dorm 15 - please

⑥ No interaction with Minton or Major Ginsel - I will not disrespect them but no more retaliation

Thank You

Name: Bogus    No: 2023182    Unit: Powledge

Living Quarters: S Dorm 29    Work Assignment: Kitchen I -T.C.

---

**DISPOSITION:** (Inmate will not write in this space)

---

TEXAS DEPARTMENT OF CRIMINAL JUSTICE — **INSTITUTIONAL DIVISION**

# INMATE REQUEST TO OFFICIAL

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ☐ *Unit Assignment, Transfer (Chairman of Classification, Administration Building)*

2. ☐ *Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)*

3. ☐ *Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)*

4. ☐ *Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)*

5. ☐ *Visiting List (Asst. Director of classification, Administration Building)*

6. ☐ *Parole requirements and related information (Unit Parole Counselor)*

7. ☐ *Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)*

8. ☐ *Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)*

TO: Warden Bowman
*(Name and title of official)*

ADDRESS: Powledge

DATE: 5/31/19  0100 hrs

**SUBJECT:** *State briefly the problem on which you desire assistance.*

The Access To Courts directive (ATC-080), "system wide," requires delivery of materials to Trustee Camps, Ad seg and Lockdowns. "Next day" does not appear; open one weekend day does—Powledge—NOT. Three items, on alternating days, Warden Berger and Lt Crist nixed, the unauthorized 3/29/19 delivery rule on 4/1. The current "Posted" rule, is not an E.O.C., bears no signature and not in the spirit of Constitutional access—arguably. Ms. Hollis told Lt. Crist and Cunningham, "she was unaware of Minton's behavior." Respectfully, I call "B.S." They have falsified statements, Tampered with logs, discussed Offenders issues with other offenders employees, staff and slandered me. Regardless re majors involvement seems peculiar, unless, corrective. Minton has (in mails) referred to ATC-Huntsville, Communications, but nothing is posted or available to be read or scrutinized. Other than Minton, who has seen them? What behavior did Hollis knowledge? Minton "fears for his safety"? No items delivered 4/8, 4/15/19; 12/31, 12/28, 12/19, 12/14, 12/3, x 17 in '18. Because there is intent, this is not questionable —Sir.

Name: **Brett Bogus**    No: **2023182**    Unit: **Powledge**

Living Quarters: **S. Dorm 29**    Work Assignment: **Kitchen I - T.C.**

**DISPOSITION:** (Inmate will not write in this space)

I-60 (Rev. 11-90)

TEXAS DEPARTMENT OF CRIMINAL JUSTICE — **INSTITUTIONAL DIVISION**
## INMATE REQUEST TO OFFICIAL

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ☐ *Unit Assignment, Transfer (Chairman of Classification, Administration Building)*

2. ☐ *Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)*

3. ☐ *Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)*

4. ☐ *Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)*

5. ☐ *Visiting List (Asst. Director of classification, Administration Building)*

6. ☐ *Parole requirements and related information (Unit Parole Counselor)*

7. ☐ *Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)*

8. ☐ *Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)*

TO: **Warden Bowman**    DATE: **5/30/19  00:20 hrs**
*(Name and title of official)*

ADDRESS: **Powledge**