# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| BRETT DAVID BOGUS, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:19-cv-278-JDK-KNM |
| | § | |
| LORIE DAVIS, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Brett David Bogus, a Texas Department of Criminal Justice inmate proceeding pro se, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition.

Plaintiff's amended complaint raised several claims, including that various Defendants denied him access to legal materials and the courts, retaliated against him for filing grievances, inflicted physical and emotional distress, failed to properly investigate his grievances, wrongly denied his grievances, cyberstalked him, forged a mail receipt on his behalf, and conspired against him. Docket No. 32. On March 9, 2021, Judge Mitchell issued a Report recommending that the Court dismiss all of Plaintiff's pending claims except his claim that Defendant Andrew Ginsel removed Plaintiff's medically unassigned status in retaliation for grievances Plaintiff had filed. Docket No. 47 at 20. Plaintiff objected to this Report. Docket No. 51.

1

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Plaintiff raises several points in his objections.

*First*, Plaintiff argues that he has shown a genuine dispute as to a material fact and must merely provide notice that a cause of action probably or potentially exists to state a claim. Docket No. 51 at 1–2. But the case law Plaintiff cites in support of this argument concerns causes of action for legal negligence under Mississippi law. The Magistrate Judge correctly set out the standards for stating a claim under Federal Rule of Civil Procedure 8 and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, this objection is without merit.

*Second*, Plaintiff argues that he did not receive approximately fifteen percent of the legal materials he requested, which prejudiced him on his direct appeal and petition for discretionary review in state courts. Docket No. 51 at 3. But Plaintiff does not elaborate on this conclusory claim of actual injury. A review of court records shows that in Plaintiff's direct appeal, counsel filed an *Anders* brief and Plaintiff filed a pro se brief. The appellate court concluded that the appeal was "wholly frivolous and without merit." *Bogus v. State*, No. 14-15-832-CR, 2017 WL 1366674 (Tex.

App.—Houston [14th Dist.] Apr. 13, 2017, pet. ref'd). His petition for discretionary review argued that the *Anders* brief was erroneous and that constitutional, plain, reversible, and structural errors existed in the record. The Court of Criminal Appeals refused his petition for discretionary review on March 7, 2017. *Bogus v. State*, No. PD-0657-17 (Tex. Crim. App. Mar. 7, 2017). Based on this record, Plaintiff offers nothing to show an injury in fact resulting from the purported denial of legal materials. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Accordingly, this objection is without merit.

*Third*, Plaintiff's objections reiterate the allegations of his complaint. Specifically, Plaintiff asserts that the law library created "new rules" specifically to impede his access and that Officer Ricky Minton wrote him a false disciplinary case. Docket No. 51 at 3–4. He also complains that Minton swore at him in the dorm because Plaintiff continued to complain about him. *Id.* at 5. Plaintiff argues that TDCJ has failed to adequately investigate his complaints. *Id.* However, Plaintiff does not controvert the Magistrate Judge's determination that he did not show constitutionally cognizable harm and that he has no liberty interest in having complaints investigated to his satisfaction. Although he argues that he has a liberty interest in due process and equal protection and the failure to investigate his grievances are an "act of omission" that is "actionable to the same extent as an act of commission," this contention lacks any basis in law. *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005); *see also Cole v. Abbott*, 91 F.App'x 936 (5th Cir. 2004) (no

state-created liberty interest in grievance procedure). Accordingly, Plaintiff's objection on this point is without merit.

*Fourth*, Plaintiff complains that TDCJ's law library policies—which allow three items of legal research material three times per week—constitutes a denial of access to court. Docket No. 51 at 7. As the Magistrate Judge observed, however, Plaintiff has failed to show any harm resulting from this alleged denial. *See Lockamy v. Dunbar*, 399 F. App'x 953 (5th Cir. 2010), *citing Christopher*, 536 U.S. at 415. His conclusory allegation that the claimed denial of access to court "prevent[ed] success on direct appeal" is insufficient to show actual harm. Accordingly, this objection is without merit.

*Fifth*, Plaintiff states that he filed grievances referring to Defendants Spears-Hollis, Mitchell, Karnes, and Yancy's failure to protect him from "intentional conduct." Docket No. 51 at 9–10. He argues that the substantial risk was clear and that whether Defendants had sufficient knowledge and notice is a question of fact. The Magistrate Judge discussed Plaintiff's deliberate indifference claims and ordered Defendant Ginsel to answer this claim. Beyond that, the fact that Plaintiff's grievances did not receive the response he believed appropriate does not show a constitutional violation. *Geiger*, 404 F.3d at 374. Accordingly, this objection is without merit.

*Sixth*, Plaintiff complains of being denied medical treatment by Defendant Michael Sizemore. Docket No. 51 at 10–12. He complains that the only medications Sizemore will provide Plaintiff are Effexor and Cymbalta, both of which are anti-

4

depressants. Plaintiff also raises an argument concerning "involuntary force" in the distribution of psychotropic medications for the first time in his objections. *Id.* at 12. But Plaintiff provides no additional details. Further, as a practice manager, Defendant Sizemore is not a medical provider and plays no role in the provision of medical care or the prescribing of medications. *See, e.g.*, *Tijerina v. Stanley*, No. 5:16-cv-102, 2019 WL 1396964 (E.D. Tex. Mar. 28, 2019); *Hunt v. Pierson*, No. 6:15-cv-559, 2016 WL 1357913, at *4 (E.D. Tex. Jan. 14, 2016) (citing *Criollo v. Milton*, 414 F. App'x 719, 721 (5th Cir. 2011)) (affirming denial of claim against a practice manager because there was no showing she was involved in the plaintiff's medical care). Plaintiff also asserts that Sizemore denied his grievance concerning medical care. But as the Magistrate Judge correctly determined, Plaintiff has no constitutional right to have his grievance answered to his satisfaction. *Geiger*, 404 F.3d at 374. Accordingly, this objection is without merit.

*Seventh*, Plaintiff argues that his grievances are evidence and should be treated as "procedural steps leading to litigation." Docket No. 51 at 12–13. He contends that his claims should be permitted to advance into discovery, interrogatories, subpoenas, and appointment of counsel and an investigator. But allegations that are conclusory or otherwise fail to state a claim upon which relief may be granted do not "unlock the doors of discovery;" rather, the plaintiff must allege specific facts setting out a plausible claim for relief and may not use the discovery process to obtain these facts after filing suit. *See Iqbal*, 556 U.S. at 678-79; *see also Doe v. Robertson*, 751 F.3d 383, 393 (5th Cir. 2014). The Magistrate Judge correctly

5

determined that Plaintiff adequately alleged a plausible claim for deliberate indifference against Defendant Ginsel, and this claim will proceed. Plaintiff has not shown that the Magistrate Judge's recommendations concerning his other claims should be set aside. Accordingly, this objection is without merit.

Having conducted a de novo review of the record in this case, the Magistrate Judge's Report, and Plaintiff's objections, the Court has determined that the Report of the Magistrate Judge is correct and that Plaintiff's objections are without merit. Accordingly, the Court hereby **OVERRULES** Plaintiff's objections (Docket No. 51) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 47) as the opinion of the District Court.

It is therefore **ORDERED** that all of the Plaintiff's claims except for his claim that Defendant Ginsel removed his medically unassigned status in retaliation for grievances he had filed and required Plaintiff to work in the kitchen, resulting in injury to Plaintiff, be dismissed without prejudice as frivolous and for failure to state a claim upon which relief may be granted. All Defendants other than Andrew Ginsel are **DISMISSED** as parties to this case.

So **ORDERED** and **SIGNED** this **4th** day of **June, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE